IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KARL SHACKELFORD, | § | |
| | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0252 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
|    Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## FOR WANT OF PROSECUTION

Petitioner, a state prisoner confined in the Clements Unit in Potter County, Texas, has attempted to initiate a federal proceeding in this Court by filing an untitled, handwritten pleading seeking leave to file an "amended complaint (parole)"[1] or to initiate a new proceeding for a "writ of habeas corpus and a civil suit for parole." Petitioner's pleading also references various civil rights actions and monetary relief for damages. Petitioner's pleading was construed as a petition for a writ of habeas corpus challenging the Texas Board of Pardons and Paroles decision to deny petitioner early release from custody to parole and to compel the Board to "re-vote" without consideration of a disciplinary violation currently on petitioner's record.[2]

On October 25, 2010, petitioner was ordered to file with this Court a form habeas corpus

---

[1] Petitioner references a closed civil rights case, Cause No. 2:07-CV-0163, as well as two (2) closed habeas corpus cases, Cause Nos. 2:08-CV-67 and 2:08-CV-152.

[2] Petitioner submitted three (3) additional pleadings at the same time he submitted the pleading that initiated this cause number. *See* Cause Nos. 2:10-CV-0249, 2:10-CV 0250 and 2:10-CV-0251.

petition adopted by the federal courts for the Northern District of Texas.[3]  A form was provided to petitioner with a copy of the Court's order.  Petitioner was given twenty (20) days from the date of the order in which to file his amended petition and was advised that his failure to timely submit the amended petition might result in a dismissal of his case without further notice.[4]  As of this date, petitioner has not submitted a properly completed form habeas application.[5]

Petitioner has been given ample opportunity to submit an amended petition in this cause, but has failed to follow the Court's direct orders or heed the Court's warnings.[6]  Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).  Petitioner has failed to comply with direct orders of the Court.

---

[3] Petitioner did not submit the filing fee for a habeas corpus proceeding but, instead, filed an application to proceed *in forma pauperis* without attaching a current 6-month history of his inmate trust account as instructed to do so on the application. Consequently, on October 25, 2010, petitioner was also ordered to submit to the Court a certified *in forma pauerpis* data sheet from his penal institution, to pay the habeas corpus filing fee, or to submit evidence that petitioner had authorized the institution to disburse the requisite funds from his trust account.  Petitioner was given twenty (20) days from the date of the order in which to make his submission to the Court and was warned that his failure to properly supplement or pay the filing fee within the time allowed would result in an immediate recommendation for the dismissal of this case without further notice

[4] Such supplementation was due on or before November 15, 2010 as the twentieth day fell on November 14, 2010, a Sunday.

[5] Petitioner did file a certified *in forma pauperis* data sheet in this cause in support of his Request to Proceed *In Forma Pauperis*, however, the information provided by the data sheet does not qualify petitioner for *in forma pauperis* status.  Although petitioner's data sheet reflects a balance of $0.00 as of November 9, 2010 the data sheet also reflects receipt of deposits totaling $400.00 during the six-month period prior to attempting to initiate this proceeding, $150.00 of which was deposited in the three-month period prior to opening this cause number.  Petitioner has possessed, or has had access to, the funds needed to pay the $5.00 filing fee in the instant cause and should have included such payment with the submission of his application or subsequent to such submission.

[6] On November 15, 2010, petitioner submitted objections to filing an amended petition to replace his original petition. Such objections were unfiled on November 16, 2010 for being incoherent, only marginally legible, and improper and non-responsive to the Court's order.  Petitioner was advised that he was still under a duty to comply with the order to file a properly completed form petition and that the failure to do so might lead to the dismissal of his cause for failure to prosecute.

Petitioner's disregard of the Court's orders warrants dismissal of this case. Petitioner's habeas application should be dismissed for want of prosecution due to petitioner's failure to comply with this Court's Orders.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the habeas application filed by petitioner be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of November, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this

report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).